UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| Rodney Thompkins,<br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union, LLC,<br>Republic Finance, LLC, and<br>Deferit, Inc.,<br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES the Plaintiff, RODNEY THOMPKINS, by and through his counsel, and for his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which gave rise to this action occurred in Warner Robins, Georgia.

4. Venue is proper in the Middle District of Georgia.

### PARTIES

5. Plaintiff is a natural person residing in Warner Robins, Georgia.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

   b. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia;

   c. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

   d. Republic Finance, LLC ("Republic Finance") is a foreign limited liability company that conducts business in the State of Georgia; and

   e. Deferit, Inc. ("Deferit") is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Republic Finance's two tradelines and Deferit's tradeline ("Bogus Tradelines") are inaccurately reporting in Plaintiff's Equifax, Experian and Trans Union (collectively, "the CRAs") credit files.

8. The accounts reflected by the Bogus Tradelines do not belong to Plaintiff.

9. On or about August 27, 2025, Plaintiff sent separate letters to the CRAs disputing the Bogus Tradelines.

10. In the dispute letters, Plaintiff explained that the accounts reflected by the Bogus Tradelines do not belong to him and requested that the Bogus Tradelines be deleted.

11. The CRAs received the dispute letters and forwarded Plaintiff's disputes to Republic Finance and Deferit.

12. Republic Finance and Deferit received Plaintiff's disputes from the CRAs.

13. On or about October 20, 2025, after not receiving dispute results from the CRAs, Plaintiff obtained his credit disclosures from the CRAs, which showed that Deferit and the CRAs failed or refused to delete the Deferit Bogus Tradelines and that Republic Finance, Equifax and Experian failed to delete the Republic Finance Bogus Tradelines from Plaintiff's credit files.

14. The Bogus Tradelines are false and misleading. They are also driving Plaintiff's credit score down making it harder for him to obtain jobs, housing, and meet living expenses.

15. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has experienced undue stress, anxiety, frustration and other forms of emotional distress due to Defendants' failures to correct the errors in his credit file and his inability to improve his financial situation by obtaining new or more

favorable credit terms as a result of Defendants' violations of the FCRA. The Bogus Tradelines have diminished Plaintiff's creditworthiness and credit scores. Plaintiff has also suffered physical harms, including loss of sleep and stress headaches as a result of Defendants' failure to remove the Bogus Tradelines.

### COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY REPUBLIC FINANCE

16.     Plaintiff realleges the above paragraphs as if recited verbatim.

17.     After being informed of Plaintiff's disputes of the Republic Finance Bogus Tradelines, Republic Finance negligently failed to conduct a proper investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b).

18.     Republic Finance negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the CRAs to delete the Republic Finance Bogus Tradelines.

19.     The Republic Finance Bogus Tradelines are inaccurate and creates a misleading impression in Plaintiff's credit files to which it is reporting such tradeline.

20.     As a direct and proximate cause of Republic Finance's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

21. Republic Finance is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

22. Plaintiff has a private right of action to assert claims against Republic Finance arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Republic Finance for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY REPUBLIC FINANCE

23. Plaintiff re-alleges the above paragraphs as if recited verbatim.

24. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, Republic Finance willfully failed to conduct a proper reinvestigation of Plaintiff's disputes and willfully failed to direct the CRAs to delete the Republic Finance Bogus Tradelines.

25. Republic Finance willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

26. As a direct and proximate cause of Republic Finance's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

27. Republic Finance is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Republic Finance for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFERIT

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed of Plaintiff's dispute of the Deferit Bogus Tradeline, Deferit negligently failed to conduct a proper investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b).

30. Deferit negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Experian to delete the Deferit Bogus Tradeline.

31. The Deferit Bogus Tradeline is inaccurate and creates a misleading impression in Plaintiff's Experian credit file to which Deferit is reporting such tradeline.

32. As a direct and proximate cause of Deferit's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

33. Deferit is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

34. Plaintiff has a private right of action to assert claims against Deferit arising under 15 U.S.C. § 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Deferit for damages, costs, interest, and attorneys' fees.

### COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFERIT

35. Plaintiff re-alleges the above paragraphs as if recited verbatim.

36. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Deferit willfully failed to conduct a proper

reinvestigation of Plaintiff's disputes and willfully failed to direct Experian to delete the Deferit Bogus Tradeline.

37. Deferit willfully failed to review all relevant information available to it and provided by Experian as required by 15 U.S.C. § 1681s-2(b).

38. As a direct and proximate cause of Deferit's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

39. Deferit is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Deferit for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff re-alleges the above paragraphs as if recited verbatim.

41. Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

42. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

44. After receiving Plaintiff's dispute of the Bogus Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

46. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

49. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

51. After receiving Plaintiff's dispute of the Bogus Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

53. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT VII - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

54. Plaintiff re-alleges the above paragraphs as if recited verbatim.

55. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

56. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

57. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

58. After receiving Plaintiff's dispute of the Bogus Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

59. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

60. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

63. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

64. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

65. After receiving Plaintiff's dispute of the Bogus Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

66. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

67. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### COUNT IX - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

68. Plaintiff re-alleges the above paragraphs as if recited verbatim.

69. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

70. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

71. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

72. After receiving Plaintiff's dispute of the Deferit Bogus Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

73. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

74. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

**COUNT X - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

77. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

78. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

79. After receiving Plaintiff's dispute of the Deferit Bogus Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

80. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered stress, frustration and other forms of emotional distress. Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

81. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this Court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: January 19, 2026

/s/ Dennis Kurz
Dennis Kurz, Esquire
Georgia Bar No. 430489
Attorney for Plaintiff
4355 Cobb Parkway
Suite J-285
Atlanta, GA 30339
Phone: (404) 805-2494
Emails: dennis@kurzlawgroup.com