**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **RODNEY THOMPKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-26 (MTT)** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES LLC, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Defendant Republic Finance, LLC ("Republic") has moved to compel Plaintiff Rodney Thompkins' claims to arbitration and to stay all proceedings with respect to Republic until arbitration is complete. ECF 15. For the following reasons, Republic's motion is **GRANTED**.

## I. BACKGROUND

According to Republic, Thompkins signed a Combination Promissory Note and Security Agreement (the "Loan Agreement") on September 21, 2022. ECF 15 at 2; 15-2. Under the Loan Agreement, Republic agreed to lend Thompkins $6,540.32, and Thompkins agreed to repay the loan by making monthly installment payments. _Id._ Thompkins and Republic also entered into an Arbitration Agreement. ECF 15 at 2; 15-3. The Loan Agreement incorporates the Arbitration Agreement. ECF 15 at 2; 15-2; 15-3. The Arbitration Agreement provides, in relevant part:

> [Thompkins] and [Republic] agree that, as a material inducement for the parties to enter into the loan and as consideration for your loan, any

claim, dispute or controversy between [Thompkins] and [Republic] whether in contract or tort or under common law, any state or federal constitution, any statute, regulation, or local law, or otherwise ("Claims" or "Claim"), arising out of, in connection with, or relating to any of the following in any way, directly or indirectly, shall, at the election of either party, be resolved by binding arbitration and not by a court action: [Thompkins'] loan . . . ; [Thompkins'] relationship with [Republic]; any applications, advertisements, oral or written statements or communications, disclosures, electronic communications, collection efforts, collateral, and/or insurance related to [Thompkins'] loan; any disclosure of [Thompkins'] information by [Republic] to any party; [Republic's] supervision and/or training of employees and agents; and/or the existence, applicability, enforceability, or scope (including whether a dispute is arbitrable) of this Arbitration Agreement.

ECF 15-3 at § 1. The Arbitration Agreement allows a party to compel arbitration even if a party has already initiated litigation in court. *Id.* at § 4. The Arbitration Agreement further provides that Thompkins and Republic "agree that the enforceability and interpretation of this Agreement shall be governed by the Federal Arbitration Act." *Id.* at § 9.

Thompkins' complaint asserts two claims against Republic for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"). ECF 1 ¶¶ 16-27. On February 18, 2026, Republic answered in denial. ECF 13. That same day, Republic filed the instant motion to compel arbitration based on the parties' Arbitration Agreement. ECF 15.

## II. DISCUSSION

Section 2 of the Federal Arbitration Act ("FAA") provides that arbitration agreements in contracts involving commerce are valid, irrevocable, and enforceable. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1345 (11th Cir. 2017) (citation modified). Section 3 directs courts to stay proceedings in cases "raising a dispute on an issue referable to arbitration." *Id.* When a party moves to compel arbitration under the FAA,

the Court must first determine the threshold issue of whether an arbitration agreement has been made. *Id.* at 1346. If the Court concludes there is no genuine dispute of material fact concerning the formation of such an agreement, then it may conclude as a matter of law that the parties did or did not enter into an arbitration agreement. *Id.*

Here, there is no genuine dispute as to any material fact concerning the existence of the parties' arbitration agreement. Republic attached the Arbitration Agreement signed by both parties to its motion to compel arbitration. ECF 15-2. The Arbitration Agreement provides that either party "may elect to arbitrate disputes between the parties." *Id.* at 2. Thompkins did not file any response to the motion to compel arbitration. Thus, he has failed to "unequivocally deny that an agreement to arbitrate was reached," or to submit any evidence "to substantiate the denial" and "make the denial colorable." *Magnolia Cap. Advisors, Inc. v. Bear Stearns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008) (citation modified).

After determining that an enforceable arbitration agreement exists, the Court must next assess whether "legal constraints external to the parties' agreement foreclose[] arbitration." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Because Thompkins did not respond to the motion to compel arbitration, he has not raised any such constraints. And "[c]ourts in this circuit have held that statutorily created consumer causes of action (such as those pursuant to . . . the FCRA) are not exempted from arbitration." *Williams v. Equifax Info. Servs., LLC*, 2020 U.S. Dist. LEXIS 262552, at *7, 2020 WL 13133243 (N.D. Ga. Nov. 23, 2020) (citation modified). Thompkins' FCRA claims against Republic fall within the terms of the Arbitration

Agreement because the claims arise out of Thompkins' relationship with Republic. *See* ECF 15-3 at § 1.

### III. CONCLUSION

Because the parties have a valid, enforceable arbitration agreement and Thompkins' claims against Republic fall within the scope of that agreement, Thompkins' claims against Republic must be submitted to arbitration. Republic's motion to compel arbitration (ECF 15) is **GRANTED** and all proceedings with respect to Republic are **STAYED**[1] until arbitration is complete.

**SO ORDERED**, this 27th day of March, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.") (citing 9 U.S.C. § 3).